**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Terrance Andrei Fizer, | No. CV-16-03174-PHX-ROS (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Terrance Andrei Fizer has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

Petitioner was sentenced, after a guilty plea, on June 5, 2015. Petitioner did not file a PCR petition within the following 90 days, so his time to file this Petition began running on September 4, 2015. The Petition was due on September 4, 2016, but was not filed until September 12, 2016. Equitable tolling is not argued by Petitioner, and is not merited. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II.    BACKGROUND

### a.  Indictment, Plea, and Sentencing

On June 18, 2014, an Indictment charged Petitioner with 14 counts of Sexual Conduct with a Minor. (Doc. 9-1, Ex. A, at 3-4.) On April 9, 2015, Petitioner pleaded guilty pursuant to a plea agreement to three counts of Sexual Conduct with a Minor, and a lesser-included offense of Attempted Sexual Conduct with a Minor. (Doc. 9-1, Ex. D, at 18.) The Presentence Report and plea hearing document that Petitioner had sexual contact with three separate underage victims from 2008-2010 and in April 2014. (Doc. 9-1, Ex. E, at 23; Doc. 9-1, Ex. F, at 27-29.)

On June 5, 2015, Petitioner was sentenced to 10 years of imprisonment and consecutive lifetime probation. (Doc. 9-1, Ex. H, at 51.)

### b.  Post-Conviction Relief Proceedings

On May 10, 2016, Petitioner filed a notice of post-conviction relief. (Doc. 9-1, Ex. J, at 60.) On May 19, 2016, the trial court dismissed the petition for post-conviction relief. (Doc. 9-1, Ex. K, at 65.) The court found that (1) "the filing deadline for the notice was September 3, 2015...[h]is Rule 32 proceeding is thus untimely by eight months," and (2) "it is also devoid of any factual or legal basis for Rule 32 relief…." (Doc. 9-1, Ex. K, at 42.)

On July 1, 2016, Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 9-1, Ex. L, at 67.) On July 6, 2016, the court dismissed the petition for review as untimely. (Doc. 9-1, Ex. M, at 71.)  The court found that the "petition for review was not filed within 30 days of the trial court's final decision disposing of the petition for post-conviction relief proceedings." (*Id.*) The court noted that the "trial court may, 'after being presented with proper evidence, allow a late filing' if it finds that petitioner was not responsible for the untimely filing. *See State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981)." (*Id.*)

### c.  Petitioner's Federal Habeas Petition

On September 12, 2016, Petitioner mailed a Petition for Writ of Habeas Corpus. (Doc. 1 at 11.) On September 16, 2016, the Court filed the Petition. (*Id*.) In the Petition, Petitioner raises the following grounds for relief:

> In Ground One, Petitioner asserts his Fifth Amendment rights were violated by a coerced confession. In Ground Two, he asserts violation of his Fifth, Sixth, and Fourteenth Amendment rights based on the ineffective assistance of counsel. In Ground Three, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were "violated by direct exculpatory evidence."

(Doc. 5 at 2.)

On November 15, 2016, Respondents filed a Limited Answer to the Petition for Writ of Habeas Corpus. (Doc. 9.) Petitioner did not file a reply.

## III.   THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### a.  THE PETITION IS UNTIMELY.

#### i.    Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). The judgment of conviction becomes final after a plea of guilty upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding or [upon] the expiration of the time for seeking such proceeding or review." *Id*.

- 3 -

Here, Petitioner pleaded guilty and was sentenced on June 5, 2015. (Doc. 9-1, Ex. H, at 51.) "In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding." Ariz. R. Crim. P. 32.4(a). Petitioner had 90 days from the date of his sentencing to file his PCR petition, which was September 3, 2015. Petitioner did not file a PCR petition by September 3, 2015. Petitioner's AEDPA clock began running on September 4, 2015. Thus, Petitioner's one-year limitation period expired, absent tolling, on September 4, 2016. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Respondents state that the Petition was filed on September 16, 2016, but the Petition was constructively filed when Petitioner signed and mailed it on September 12, 2016. (Doc. 1 at 11.) *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

The Petition was due September 4, 2016, but Petitioner did not mail it until September 12, 2016. Absent tolling, the Petition is untimely.

### ii.    Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004); Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

But, Petitioner's PCR proceeding was not "properly filed" because it was untimely by eight months. Petitioner's untimely PCR action did not toll AEDPA's one-year statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (finding that a state court's rejection of a petition as untimely means that it was not "properly filed," and the petitioner is not entitled to statutory tolling under § 2244(d)(2)).

- 4 -

### iii.    Equitable Tolling

"A petitioner who seeks equitable tolling AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The Petitioner bears the burden of showing that equitable tolling should apply.  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).  Equitable tolling is to be rarely granted.  *See, e.g*., *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009).  Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."  *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner asserts the "Petition of habeas corpus is timely and [falls] within the time frame." (Doc. 1 at 11.) Petitioner does not argue that equitable tolling applies. Petitioner did not respond to Respondents' argument that the Petition is untimely. The Court has also reviewed the record and notes that Petitioner filed his PCR action (on May 10, 2016) and Petition for Review with the Arizona Court of Appeals (on July 1, 2016) within the time he was required to file the Petition. Petitioner had the option of filing a "protective" petition in federal court in order to avoid a potential timeliness bar, but he did not do so. *See Pace*, 544 U.S. at 416. The fact that his PCR Petition was found to be untimely did not make it impossible for Petitioner to file a timely petition in this Court. Further, Petitioner's *pro se* status or "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has failed to meet the "very high threshold," *United Sates v. Battles*, 362

F.3d 1195, 1197 (9th Cir. 2004), of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition and that those extraordinary circumstances were the cause of his untimeliness.

## V.    CONCLUSION

The Petition was due on September 4, 2016, but it was not filed until September 12, 2016. The Petition will be dismissed regardless of the margin of untimeliness. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline "is not grounds for equitable tolling"); *Hartz v. United States*, 419 Fed. Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day"); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("[w]e consistently have denied tolling even where the petition was only a few days late"); *United States v. Locke*, 471 U.S. 84, 100–01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.").

The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice. The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter.  *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 24th day of February, 2017.

Honorable John Z. Boyle
United States Magistrate Judge